UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RIOS,<br><br>          Plaintiff,<br><br>     v.<br><br>MOYA, et al.,<br><br>          Defendants. | No.  1:24-cv-00480-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S REQUEST TO SET ASIDE ENTRY OF DEFAULT AND REQUEST FOR EXTENSION OF TIME BE GRANTED<br><br>(ECF No. 25) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's request to set aside entry of default and extension of time to respond to the operative complaint, filed December 23, 2024.  (ECF No. 25.)  Plaintiff did not file an opposition and the time to do has now passed.  Local Rule 230(l).

**I.**

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause...." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original) (quoting Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)).

1

1  "This standard, which is the same as is used to determine whether a default judgment should be

2  set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true

3  is sufficient reason for the district court to refuse to set aside the default." Id.

4        "[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases

5  should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974);

6  see also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step

7  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the

8  merits.").

## II.

## DISCUSSION

11        Defendant argues that he "through County Counsel has acted promptly and in good faith

12  in immediately learning about and responding to the Court's recent order regarding a lack of

13  response [ECF 23], and in investigating and explaining the circumstances and what we believe is

14  excusable non-culpable mistake and inadvertence that resulted in the same." (ECF No. 25 at 5.)

15  More specifically, Defendant declares as follows:

> I am a Senior Correctional Officer with the Fresno County Sheriff-Coroner's Office ("FSO"). I have been employed as Correctional Officer, working at the Fresno County Jail, since March 2015.
>
> In October of this year I was advised there was an envelope for me to pick up from the Sheriff's Office. After opening the envelope and looking at the papers, I believed that I should sign and return the document known as waiver of summons. I signed the form and personally emailed it back to James Joffers at the United states Marshals office.
>
> The papers consisted of the envelope containing a copy of the "Complaint," and copies of the Waiver of Service of Summons (hereafter "Waiver"), with instructions from the U.S. Marshal on how to respond to the Waiver.
>
> Shortly after that email, I contacted the Marshal's Office and confirmed they received my waiver form.
>
> It was my incorrect understanding and belief at that time that all I needed to do in response to the Complaint was sign the Waiver and forward it to James Joffer. I took no further action from that point on in response to the waiver or other papers, including to notify anyone else in my command, because, at that time, I did not know that any further action was required of me. After speaking with Fresno County Counsel today, December

2

> 23, 2024, I have learned that in any future situation of this nature, I need to promptly notify my supervisor of the Complaint or papers, as well as the Jail's Legal Liaison Sgt., who will thereafter refer me to contact County Risk Management and/or Fresno County Counsel's Office, and that I should then follow-up with these offices as well as my command and Legal Liaison Sgt. to obtain further updates.
>
> I did not act in bad faith or with any intent to cause a problem for anyone or this Court in failing to respond to the lawsuit on time. After sending in my waiver form in October, I did not receive any further direction, contact, or any other documents or notices from anyone or this Court other than the initial envelope containing the papers and waiver, until today, when I received a call from the County attorney asking about this.

(ECF No. 25, Declaration of Ricardo Necochea ¶¶ 3-8.)  Thus, Defendant submits that he acted in good-faith, his mistake was inadvertent and based on a lack of familiarity and understanding of the legal process, and he believes he has meritorious defenses to the alleged claims.  (ECF No. 25 at 6.)  In addition, there is minimal prejudice to Plaintiff at this stage of the proceedings.  (Id.)

In consideration of the relevant factors, the Court finds that Defendant's motion to set aside the entry of default should be granted.  Defendant credibility explains that he was unfamiliar with the legal process which mistakenly lead him to not take timely action in response service of process by the United States Marshals.  See, e.g., TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases....") (overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).  Defendant believed he had done all that was required of him when he returned the signed waiver of service, and it was not until he received a call from the County attorney that he had failed to timely respond to the complaint.  Accordingly, Defendant's initial failure to respond to the operative complaint does not appear to have been willful, deliberate, or in bad faith.  In addition, Defendant declares that he believes he has meritorious defenses to Plaintiff's claims of retaliation.  (ECF No. 25 at 6.)  Lastly, at this early stage of the proceedings and based on a review of the record, setting aside the default will not hinder Plaintiff's ability to pursue his claim, and any minimal delay has not impacted the

evidence or impacted any potential discovery in this case.  See, e.g., TCI Group, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits.").  In sum, the Court finds that the three relevant factors weigh in favor setting aside the entry of default as to Defendant Necochea.[1]

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion to set aside the entry of default, (ECF No. 25), be GRANTED; and
2. Defendant be given thirty days to file an answer to the operative complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 27, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] Defendant also seeks a thirty-day extension complete the process by the County of preparing his defense, and to file a response to Plaintiff's operative complaint. On the basis of good cause, the Court will grant that Defendant's request be granted.