UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE MIGUEL RIOS,

          Plaintiff,

    v.

NECOCHEA,

          Defendant.

No.  1:24-cv-00480-JLT-SAB (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION

(ECF No. 34)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion to dismiss for lack of prosecution, filed March 30, 2026.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's retaliation claim against Defendant Necochea. (ECF No. 15.)

On March 20, 2025, Defendant filed an answer to the operative complaint.  (ECF No. 28.)

On March 24, 2025, the Court issued the discovery and scheduling order.  (ECF No. 29.)

On November 25, 2025, the Court granted Defendant's request to modify the scheduling order and extended the discovery and dipositive motion deadlines.  (ECF No. 33.)

On March 30, 2026, Defendant filed the instant motion to dismiss for lack of prosecution. (ECF No. 34.)  Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

1

## II.

## LEGAL STANDARD

Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case. Ferdik, 963 F.2d at 1260.

If the dismissal is for failure to prosecute, it is usually because the court has concluded that plaintiff is no longer interested in pursuing his action. See, e.g., Huey v. Teledyne, Inc., 608 F.2d 1234, 1238 (9th Cir. 1979) (affirming dismissal for failure to prosecute where district judge "conclude[d] that [plaintiff] did not plan to go forward with his suit"); cf. Ace Novelty Co. v. Gooding Amusement Co., 664 F.2d 761, 762–63 (9th Cir. 1981) (dismissal for failure to prosecute was inappropriate where plaintiff wished to proceed to trial). A plaintiff's abandonment of the case alone may be sufficient reason in itself to dismiss an action under Rule 41(b). See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant"); Mir v. Fosburg, 706 F.2d 916, 918 (9th Cir. 1983) (same).

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1990).

///

## III.

## DISCUSSION

Defendant moves to dismiss the action for failure to prosecute because Plaintiff failed to appear at the properly noticed deposition on February 27, 2026.  (ECF No. 34.)

### A.      Public Interest in Expeditious Resolution and Court's Need to Manage Docket

Here, Plaintiff's failure to comply attend his deposition that was properly noticed precludes expeditious resolution of this matter and unnecessarily prolongs this case on the court's docket. The public has "an overriding interest" in orderly, expeditious, and inexpensive determination of every action.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006).  Delay in reaching the merits is costly "in money, memory, manageability, and confidence in the process." Id. Though cases should generally be disposed of on their merits, a plaintiff is responsible for moving their case to that disposition.  Similarly, any prolonged resolution inhibits the Court's need to manage its docket. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962).

Here, Plaintiff has maintained this action since 2024.  Plaintiff's conduct has already delayed this litigation, impeding the Court's ability to manage the other cases before it.  Thus, Plaintiff's unexplained refusal to attend his deposition has resulted in delay to this litigation, and will further delay a resolution of this matter on the merits.  Indeed, Plaintiff filed this action, and he is required to litigate it in an efficient and timely manner.  This case cannot move forward towards resolution without Plaintiff's participation in the discovery process. Plaintiff has not filed anything with the Court nor contacted defense counsel after failing to attend his deposition.  In addition, Plaintiff has failed to file a response to the instant motion to dismiss.  In fact, Plaintiff has not filed anything in this case since his notice of change of address filed in March of 2025. (See ECF No. 30.)  In addition, Defendant submits that the deposition notice (served on February 13, 2026) and meet and confer letter (served on March 20, 2026) was returned as undeliverable.

(Flores Castaneda Decl. ¶¶ 2-4.)  Thus, it appears as though Plaintiff has lost interest in this litigation while his case continues to sit idle on the Court's docket. Thus, the first two factors weigh in favor of dismissal.

### B.    Risk of Prejudice to Defendant

Defendant argues that the third factor also weighs in favor of dismissal because Plaintiff's willful misconduct has caused significant and unnecessary delays, warranting a presumption of prejudice. Defendant suffered undue prejudice, having wasted considerable time and resources preparing for and attending the deposition of which Plaintiff willfully failed to respond.  IN addition, Plaintiff has not provided a non-frivolous excuse for his failure to respond and he has not filed an opposition to the instant motion.

Defendant cannot assess the viability of a motion for summary judgment and formulate his defenses without taking Plaintiff's deposition, and thus has been prejudiced by Plaintiff's lack of participation. Furthermore, Defendant is prejudiced by the unnecessary delay in this action, which has forced Defendant to expend unnecessary time, effort, and money on preparation, court filings, and attorney fees. Not only that, but a further delay in this action could result in further loss of evidence, which would irrevocably threaten the strength of any defense. Because Plaintiff's improper actions have prejudiced and will continue to cause prejudice to Defendant, the third factor also weighs in favor of dismissal.

### C.    Availability of Less-Drastic Sanctions

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone v. U.S. Postal Service, 833 F.2d 128, 132 (9th Cir. 1987).  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Id. at 131-32 (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). A "[w]arning that failure to obey a court order will result in dismissal can itself meet the

4

'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001); Malone, 833 F.2d at 132–33; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).

Here, the Court's discovery and scheduling order explicitly warned Plaintiff: "The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules." (ECF No. 29 at 1-2.)  In addition, Plaintiff previously litigated a separate action, Rios v. Ortiz, et. al., No 1:23-cv-01595-HBK (E.D. Cal.), in which the Court dismissed the cause because Plaintiff failed to maintain a valid address as required by the Local Rules.  Thus, Plaintiff is aware of his obligation to litigate the action and comply with all applicable rules.[1]

Further, in an ordinary case, monetary sanctions might serve as an appropriate remedy. However, because Plaintiff is proceeding in forma pauperis, monetary sanctions would be ineffective as he lacks the financial means to pay them.  Federal courts have consistently held that monetary sanctions are ineffective against indigent litigants. See Pik v. Univ. of Penn., 457 F. App'x 122, 123 (3d Cir. 2012) ("Monetary sanctions would not have been an effective alternative because Pik was proceeding in forma pauperis."); Smith v. McKune, 345 F. App'x 317, 320 (10th Cir. 2009)(internal quotes and citation omitted) ( "lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis."); Gonzales v. City of Clovis, No. 1:12-cv-00053-AWI-SKO, 2013 WL 1314077, at *2 (E.D. Cal. Apr. 1, 2013) ("[B]ecause Plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are not a viable alternative"); Hazeltine v. Tuolumne Cty. Bd. of Supervisors, No. 1:04-cv-06712-LJO, 2011 WL 39029, at *2 (E.D. Cal. Jan. 5, 2011) ("Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option.").

///

---

[1] Further, the Court notes that any due process concern is dispelled by the instant Findings and Recommendation granting Plaintiff the ability to file objections.

### D.    Public Policy Favoring Disposition of Cases on the Merits

This factor "lends little support" where the behavior of the party against whom dismissal is sought impeded disposition of the case on its merits. In re: Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006); Sanchez v. Rodriguez, 298 F.R.D. 460, 472 (C.D. Cal 2014.) ("While the fourth factor of the test generally tends to cut against dismissal as a sanction, the public policy favoring the disposition of cases on their merits is not furthered by litigants who ... refuse to provide the defense with critical discovery, thereby hindering the preparation of a defense on the merits."); Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (this factor does not preclude dismissal where the other factors weigh in favor of dismissal.).

Here, Plaintiff initiated this action in 2024 and has effectively halted the progress of his own action by failing to attend his deposition which prevents Defendant from evaluating the merits of the claim.  Thus, Defendant is unable to defend this case on the merits.

### E.    Willful Conduct

The Ninth Circuit has stated that "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (citing Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). This prerequisite "does not require wrongful intent." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Instead, " '[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault.' " Jorgensen, 320 F.3d at 912 (citation omitted). "Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control." Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik, 2010 WL 457626, at *4 (C.D. Cal. Feb. 4, 2010) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 949 (9th Cir. 1993)).

Plaintiff's failure to appear at the deposition was within plaintiff's control.  Thus, Plaintiff's refusal to attend his properly noticed deposition was not the result of mistake, inadvertence, or factors beyond his control, it was a deliberate and intentional decision. Willful misconduct is established when a party knowingly disobeys a court order without justification.

See Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985). In assessing willfulness, the Court may consider the party's motivations, and can consider his "dilatory and obstructive conduct" in the case and other related cases. Compass Bank v. Morris Cerullo World Evangelism, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015).  In addition, Plaintiff has not responded to Defendant's instant motion for terminating sanctions or attempted to show that his continued failure to attend the deposition was and/or is outside of his control. See Fjelstad, 762 F.2d at 1341.  Accordingly, Plaintiff's inaction and silence further demonstrate his intent to obstruct judicial proceedings.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendant's motion to dismiss this action for Plaintiff's failure to prosecute be granted; and

2.    The instant action be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 29, 2026**                              _____

STANLEY A. BOONE
United States Magistrate Judge

7